■ DAVID SMITH et al., Respondents, v GENERAL ACCIDENT INSURANCE COMPANY, Appellant. [664 NYS2d 605] —Motion by the respondents for reargument of an appeal from a judgment of the Supreme Court, Richmond County, dated May 17, 1996, which was determined by decision and order of this Court dated August 18, 1997.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, it is

Ordered that the unpublished decision and order of this Court dated August 18, 1997, is recalled and vacated and the following decision and order is substituted therefor:

In an action to recover damages for bad faith in refusing to settle an underlying personal injury action, the defendant appeals from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated May 17, 1996, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $590,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event. The facts have been considered and determined to have been established.

Although an insurance carrier is obliged in most circumstances to respond accurately to requests from its insured with reference to the progress of any settlement negotiations, the carrier is not obligated to consult its insured in regard to settlement (*see, Knobloch v Royal Globe Ins. Co.,* 38 NY2d 471). Notwithstanding that the trial court instructed the jury consistent with PJI 4:67, the charge incorrectly instructed the jury that the appellant had an obligation to advise its insured as to the progress of settlement negotiations (*see, Knobloch v Royal Globe Ins. Co., supra,* at 479; 2 NY PJI 361).

The appellant's obligation to advise its insured regarding the progress of any settlement negotiations was one of a series of factors the jury was told it could consider on the issue of the appellant's bad faith. There is no way to determine the relative weight afforded to the various factors by the jury. The jury could have found that the insured was not advised of the progress of the settlement negotiations. Upon such a determination

the jury might have deemed that failure the essential basis for a finding of bad faith. In the alternative, the failure of the appellant to keep the insured apprised of settlement negotiations may have been the factor which tipped the scales in a close case, or, it might have played no part at all.

"The test for determining whether the erroneous instruction was harmless is not whether the jury might possibly have adopted a view of the facts that rendered it legally irrelevant * * * The correct rule is that an error is only deemed harmless when there is no view of the evidence under which appellant could have prevailed" (*Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 43). By this standard the error in this case cannot be deemed harmless and the matter must be remitted to the Supreme Court, Richmond County, for a new trial. Joy, J. P., Goldstein, Florio and Luciano, JJ., concur.